

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-31-2008

# Guimaraes v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4967

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Guimaraes v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1358.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1358

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-4967

———

DARCY DEDRONHO GUIMARAES,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

———

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A79-136-771
Immigration Judge: R. K. Malloy

———

Submitted Under Third Circuit LAR 34.1(a)
March 3, 2008

———

Before: BARRY, JORDAN and HARDIMAN, Circuit Judges

(Opinion Filed: March 31, 2008)

———

OPINION

———

BARRY, Circuit Judge

Darcy Guimaraes, a native and citizen of Brazil, petitions for review of a final

order of removal of the Board of Immigration Appeals ("BIA"), which affirmed a

decision of an immigration judge ("IJ") denying his claims for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). For the following reasons, we will deny Guimaraes's petition.

Because we write only for the parties, we set out only those facts necessary for our analysis. Guimaraes's wife, Mara Cicivizzo, is a native of Brazil who was granted asylum in the United States in 1997. Cicivizzo was previously married to another Brazilian national while living in Brazil and for some time while living in the United States. They later divorced. Cicivizzo, who worked in Brazil as a government social worker assigned to assist children in the criminal justice system, sought asylum on the ground that she had been threatened by Brazilian police after she attempted to publicize the police's use of the children she worked with to commit various crimes. Guimaraes seeks relief on the theory that upon his return to Brazil he will be detained and tortured by the Brazilian government by virtue of his marriage to Cicivizzo, about whom the Brazilian government and its police force have allegedly not forgotten even though the activities in which she was involved occurred in 1993 and she has been in the United States since 1994.

Guimaraes first argues that the IJ's and BIA's denial of his application for asylum on the ground that he failed to file his application within one year of his arrival, 8 U.S.C. § 1158(a)(2)(B), and failed to demonstrate changed circumstances in Brazil warranting an exception to the one-year filing requirement, *id.* § 1158(a)(2)(D), violated his right to due process.[1] Due process guarantees an alien in an asylum proceeding "the opportunity to be

---

[1] Where, as here, the BIA adopts the decision of the IJ and adds additional explanation for its holding, we review both decisions. *He Chun Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). We lack jurisdiction to review the purely factual determination as to

2

heard at a meaningful time and in a meaningful manner." *Mudric v. Atty. Gen.*, 469 F.3d 94, 100 (3d Cir. 2006) (internal quotation marks and citation omitted). The alien is entitled to "fact finding produced to the IJ or BIA and disclosed to him," "the ability to make arguments on his own behalf," and "an individualized determination of his interests." *Id.* Guimaraes's argument, at bottom, is that the IJ's and BIA's decisions were wrong, not that he was precluded from making arguments or having findings of fact produced to him, or that he did not receive an individualized determination of his claim. Indeed, we find that all three of these requirements were satisfied. Guimaraes's due process claim therefore fails.

Guimaraes's only arguable challenge to the denial of his withholding of removal and CAT claims is that the adverse credibility determination drawn against Cicivizzo by the IJ is not supported by substantial evidence.[2] An adverse credibility determination is a finding of fact that we must treat as conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Dia v. Ashcroft*, 353 F.3d 228, 247 (3d Cir. 2003) (en banc).

When asked whether her ex-husband had ever visited or returned to Brazil while living in the United States, Cicivizzo stated that his mother had told her in 1996 that he

---

whether there exist changed circumstances that excuse an untimely filed asylum application. *Mudric v. Atty. Gen.*, 469 F.3d 94, 101 (3d Cir. 2006). Indulging Guimaraes's argument that the decisions below raise a constitutional claim, however, we will assert our jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review the alleged error.

[2] We reject without further discussion Guimaraes's argument that the IJ "deemed [his] entitlement to relief ameliorated" because he could divorce his wife and/or lie to Brazilian officials upon his arrival. Reply Br. at 13-14. The IJ "deemed" no such thing.

had done so. When asked whether she had any reason to believe that he had been tortured, harmed, or detained upon his return to Brazil, Cicivizzo answered no. She was then asked whether she had any reason to believe that her ex-husband's mother had lied to her about her son's trip to Brazil. Cicivizzo began to "backtrack" and answered in the affirmative because, she said, when the mother said her son was in Brazil it was during the divorce proceedings and the mother knew that Cicivizzo was seeking child support from him. The IJ found this line of testimony to be "totally incredible" because, in the IJ's view, Cicivizzo only claimed that her ex-husband's mother had lied *after* Cicivizzo had testified that she had no reason to believe that the ex-husband had been tortured, detained, or otherwise harmed upon returning to Brazil and could travel back and forth to the United States—an admission wholly undermining Guimaraes's argument that if removed to Brazil he would be detained and tortured for having married Cicivizzo. Indeed, the IJ found that it is "inconceivable" that the Brazilian government would immediately "pounce[]" on Guimaraes at the airport and hold him responsible for any activities in which Cicivizzo engaged while living in Brazil so many years ago or any information the government believes she may have shared with him. It was surely not unreasonable for the IJ to find that Cicivizzo had changed her position in an effort to undercut a previous statement that undermined her husband's claims. The adverse credibility determination was supported by substantial evidence.

For these reasons, we will dismiss the petition for review.

4